UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH JOHNSON, AKA SUGARHILL,

Plaintiff,

-against-

YONKERS CITY COURT; COUNTY COURT,

Defendants.

26-CV-4162 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is held at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that he is illegally confined. By order dated June 5, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## BACKGROUND

Plaintiff brings this action against the Yonkers City Court and "County Court," which the Court understands to be the Westchester County Court. (ECF 1, at 1.) Plaintiff alleges,[2]

> County Court + Yonker City Court is currently holding me in Westchester County Jail with pending criminal charges against me. I am Sugarhill, but Yonkers City Court + Westchester County jail are recognizing me as Elijah Johnson with the inmate number 262642. I have been incarcerated and thrown in jail by this court. I am currently being held in jail by county court also, with pending criminal charges they are holding against me. While also holding me in confinement at the same time.

(ECF 1, at 4.)

Plaintiff seeks $12 million "in gold + silver" and an order dismissing the state court charges against him and releasing him from custody. (*Id.* at 5.)

According to public records maintained by the New York State Unified Court System, Plaintiff has multiple ongoing criminal proceedings in the Yonkers City Court and the Westchester County Court. *See People v. Johnson*, Nos. CR-2317-26, CR-2318-26, CR-2319-26, CR-4250-22 (Yonkers City Ct.); *People v. Johnson*, Nos. IND-70649-26/001, IND-71423-26/001 (Westchester Cnty. Ct.).

## DISCUSSION

### A. Eleventh Amendment immunity

Plaintiff's claims against the Yonkers City Court and Westchester County Court, which are both part of the New York state court system, must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unlesScotts noted otherwise.

and citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Yonkers City Court and Westchester County Court are both parts of the New York State Unified Court System, which "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (holding that claims against New York Supreme Court barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at 368)).

The Court therefore dismisses Plaintiff's claims against the Yonkers City Court Westchester County Court as barred by the Eleventh Amendment and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B. *Younger* abstention**

By requesting that this Court require the state court to dismiss the charges against him, Plaintiff is asking this Court to intervene in his pending state court criminal proceedings. In

*Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger*).

"[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff's state court criminal proceedings are ongoing, and he does not allege any facts showing bad faith, harassment, or irreparable injury with respect to those proceedings. The

Court therefore dismisses Plaintiff's claims in which he asks this Court to interfere with his ongoing state court criminal proceedings as barred by the *Younger* abstention doctrine.

**C. *Habeas Corpus* relief**

Plaintiff seeks release from custody. Plaintiff, however, may not obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

A *habeas corpus* petition brought under 28 U.S.C. § 2241 is the proper vehicle to challenge the constitutionality of pretrial detention.[3] *See, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))). Before seeking *habeas corpus* relief under Section 2241, however, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest

[3] The Court notes that where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under Section 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

court. *See* N.Y.C.P.L.R. § 7001, *et seq.* Because the complaint does not suggest that Plaintiff exhausted his remedies in the state courts, the Court declines to recharacterize this Section 1983 action as a petition for a writ of *habeas corpus* brought under Section 2241.[4]

**D. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

---

[4] When a district court construes a complaint brought under Section 1983 as a Section 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

declines to grant Plaintiff leave to amend his complaint. Nothing in this order prevents Plaintiff from filing a petition for *habeas corpus* under Section 2241 after he has properly exhausted his state court remedies.

**F. Litigation history and warning**

Plaintiff has previously filed two civil actions in this court seeking money damages, injunctive relief, and/or *habeas corpus* relief arising from criminal proceedings in the Yonkers and Westchester courts that were dismissed for the same reasons as this action. *See Johnson v. Yonkers City Ct.*, No. 22-CV-0049 (LTS) (S.D.N.Y. Apr. 4, 2022) (dismissing similar claims arising from various arrests and charges occurring in 2021); *Bey v. Yonkers City Ct.*, No. 22-CV-3166 (LTS) (S.D.N.Y. May 16, 2022) (dismissing claims, filed under the name E'Jai Bey, seeking damages arising from 2022 conviction in Yonkers City Court).

In light of this litigation history, the Court finds that Plaintiff knew or should have known of the deficiencies in this complaint when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements). The Court warns Plaintiff that if he continues to file meritless or repetitive actions in this court, the court may direct him to show cause why he should not be barred from filing new pro se actions IFP in this court without obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred under the Eleventh Amendment and the *Younger* abstention doctrine. See 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). Nothing in this order prevents Plaintiff from filing a petition for *habeas corpus* under Section 2241 after he has properly exhausted his state court remedies.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 29, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.